■ RICHARD S. ZINMAN, Individually and as Administrator of the Estate of MARLENE W. ZINMAN, Deceased, Respondent, v CHURCH CHARITY FOUNDATION OF LONG ISLAND et al., Defendants, and JOAN V. DOBBS, Appellant.—In an action to recover damages for wrongful death, etc., the defendant Joan Veronica Dobbs appeals from (1) an order of the Supreme Court, Suffolk County (Gerard, J.), dated December 7, 1988, which, after a trial at which the jury concluded that the appellant committed medical malpractice in her treatment of the plaintiff's decedent, but was unable to reach a verdict on the issue of proximate cause, (a) directed the entry of judgment upon a jury questionnaire finding the appellant negligent, and (b) directed a new trial upon the limited issues of whether the negligence found by the jury was the proximate cause of the plaintiff's decedent's death, and if so, the damages sustained by the plaintiff, and (2) an interlocutory judgment of the same court, entered December 27, 1988, which, *inter alia,* held that the defendant Joan Veronica Dobbs was negligent in the care and treatment of the plaintiff's decedent.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the interlocutory judgment is reversed, as a matter of discretion, the order is vacated, and a new trial of all issues is granted; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of an interlocutory judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the interlocutory judgment *(see,* CPLR 5501 [a] [1]).

Under the circumstances of this case, where the issue of whether the appellant departed from accepted standards of medical practice in her treatment of the plaintiff's decedent is so interwoven with or related to that of causation that the evidence as to the latter is interdependent with that required to establish the former, the court improvidently exercised its

discretion in ordering a partial retrial before a different jury *(see,* CPLR 4404 [a]). Mangano, P. J., Bracken, Sullivan and Harwood, JJ., concur.