■ JEFFREY NAPRAWA et al., Appellants, v 985 FIFTH AVENUE COMPANY et al., Respondents. [745 NYS2d 426] —Order, Supreme Court, New York County (Nicholas Figueroa, J.), entered October 2, 2000, which, in an action for personal injuries sustained by plaintiff Jeffrey Naprawa in an alleged assault and battery by defendant employees of a building owned and managed by the remaining defendants, after a jury trial resulting in a verdict (a) finding that two of the three defendant employees (Chong and Bourke) did not commit either an assault or a battery, and that the third defendant employee (Muniz) did commit an assault, and (b) deadlocking as to whether Muniz committed a battery, granted the motions of all defendants except Muniz to accept the verdict insofar as in favor of Chong and Bourke and to dismiss the action as against them, granted Muniz's cross motion to reject the verdict insofar as it found that he had committed an assault and for a new trial on all causes of action asserted against him, and denied plaintiffs' cross motion for a new trial on all issues on the ground of juror misconduct, unanimously affirmed, without costs.

Since the parties consented to a jury charge that contained interrogatories requiring findings of fault as against Chong, Bourke and Muniz individually, rather than jointly, plaintiffs cannot now argue that the actions of the three were so interwoven as to preclude a retrial as against only one. We would add that nothing in the record necessarily requires a finding that all three participated in the alleged beating (*cf., Zinman v Church Charity Found.*, 175 AD2d 833). The trial court also properly set aside the verdict against Muniz for assault because in common parlance as in criminal law (Penal Law art 120), the word "assault" connotes physical contact causing injury. Muniz would be prejudiced by having to retry the issue of battery before a new jury aware that the first jury had found that he had committed an assault (*cf., Zinman v Church Charity Found., supra*).

Plaintiffs' request for a new trial on the ground of juror misconduct was properly rejected. The "professional" opinion purportedly voiced by a juror psychologist to the effect that the injured plaintiff "could have been hallucinating" during the al-

leged beating was not "distinct from and additional to" medical evidence introduced at trial on that subject (*People v Maragh*, 94 NY2d 569, 574). Jurors are presumed to follow all of the court's instructions on the law, but this does not mean that a juror with expertise on a particular subject addressed at trial is expected to "check [his] life experiences at the courtroom door" (*People v Arnold*, 96 NY2d 358, 366). Concur—Mazzarelli, J.P., Rosenberger, Ellerin, Wallach and Marlow, JJ.